UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA TERRE HAUTE DIVISION

FILED
04/12/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Anthony Clase,
   Petitioner,

V.

T. Rule, Warden
FCI Terre Haute,
   Respondent

No. 78832-054

2:23-cv-187-JRS-MKK

## MOTION TO APPLY FSA CREDITS

Comes now, the Petitioner, Anthony Clase, Pro Se, in this matter of not recieving his FSA credits and to ask this court also to waive and excuse exhausting administrative remedies.

Petitioner will suffer "irreparable harm if unable to secure immediate judicial consideration of his claim" namely continued loss of his liberty (for months).

-1-

See McCarthy v. Madigan, 503 U.S. 140, 146-47 (1992) (excusing exhaustion of administrative remedies where futile and issue pertained to statutory interpretation) See also, Shorter v. Warden 803 F. App'x 332, 336 (11th Cir 2020). So an appeal to BOP's general counsel would be fruitful, and require him to perform a futile act. See Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir 1992).

Mr. Clase has earned 365 days toward release and 105 days toward RRC/HC as of 2-11-2023 and he is still earning 10 days a month. Mr. Clase just completed the Rdap program and recieved 12 months and was also put in for Halfway House placement of 6 months. His projected release date is in August of this year.

Mr. Clase FSA Recidivism Risk Assessment is a medium. General level is - a low, His violent level is a medium. On page 2 you can see that he has worked himself from a high to a medium and should have been a low already. But as of lately the BOP has failed to properly do the right assessments

- 2 -

Mr. Clase if given FSA credit would have went home already. He has untill 8-9-2023 to leave and go to a halfway house and if the BOP gave Mr. Clase the FSA credits he has worked hard to earn he would have been home over a year ago. But since there was a glitch in the system Mr. Clase is doing more time than he is suppose to do. He should have immediate release to supervised release and not to a half way house. Mr. Clases out date is 2-3-2024 which is as of today 4-10-2023 is less than 10 months away. Mr. Clase has earned 365 days to release which he should have been released 60 days ago. Not to mention the 105 days home confinement he earned for RRC/HC and he would have left before christmas of 2022 to be home with his family.

 Nowhere in the statute does it say, if inmates are determined to have a medium or

-3-

high recidivism risk they're not allowed to apply earned time credits. The General Accounting Office (GAO) has also ripped the agency for failing to properly utilize Congress' clear language to grant sentence credits to both medium and high PATTERN scores prisoners if they have shown clear signs of rehabilitation by programming and clear disciplinary records. How clear can this be in Mr. Clase's case with him just completing the longest, hardest of all rehabilitation programs the BOP has to offer?

Mr. Clase is challenging his PATTERN classification because Congress said if he earned FSA credits he would be released early.

Here it is Mr. Clase is past his earned out date.

## CONCLUSION

The Petitioner moves this Court to waive the exaustion of remedies process and apply the earned FSA credits in the amount of 490 days as of 4-10-2023 which would have made his out date 2-3-2023.

-4-

Mr. Clase is asking to order his immediate release from BOP custody so he can start his Supervised Release.

Respectfully Submitted this 10th day of April, 2023

x. *Anthony Clase*
Anthony Clase
Reg. No. 78832-054
FCI Terre Haute
P.o Box 33
Terre Haute, Indiana
47808

-5-